**UNITED STATES of America, Plaintiff,**

v.

**Samuel R. HOCHMAN, Defendant.**

**No. 57-CR-96.**

United States District Court
E. D. Wisconsin.

Sept. 9, 1959.

Edward G. Minor, U. S. Atty., by Matthew M. Corry and Howard C. Equitz, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

Morton Gollin, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The defendant was found guilty by a jury of two out of three counts in an indictment charging that he "knowingly" took from a common carrier copies of obscene publications transported in interstate commerce from New York City, New York, to Milwaukee, Wisconsin, in

violation of Title 18, Section 1462, United States Code of Laws. In Count I the publication was called "The Sex Factory," and in Count III, the other count of which the defendant was found guilty, it was called "Virgins Come High."

The defendant has made a motion for judgment of acquittal based principally upon the contention that there is no substantial evidence upon which the jury might find that the defendant "knowingly" received obscene literature.

The question of "intent" and the question of "knowingly" must of necessity reside principally in the mind of any defendant. These matters can seldom be established by direct evidence. The court is of the opinion that there is substantial circumstantial evidence from which the jury could conclude that the defendant "knowingly" received the "literature" in question.

Among other things, the jury could consider the defendant's education, he being a college graduate. The defendant was also experienced in book purchasing and in the book selling business. The defendant examined books in retail stores in New York. He personally selected the books from the shelves of a wholesale book store in New York City. The jury could believe that he at least thumbed through the books. The jury might have considered that the titles and the illustrations in the books are such as to put an intelligent and experienced person on notice of the type of books which they were. A jury could also consider the fact that the price on the book entitled "The Sex Factory" was $3, whereas ordinary paper covered thin "books" such as this sold at news counters in the neighborhood of 25 cents. This is a matter of common knowledge. The jury might well have considered that the additional price was based upon something such as that there was a hazard in the business of transporting, owning, and selling such "literature."

The motion for acquittal is hereby denied.

The defendant has also moved for a new trial on the basis of evidentiary rulings. The court does not believe that the testimony of the Milwaukee detective to the effect that the same or similar books were on sale by other persons in Milwaukee is a defense. The fact that other persons are immoral or sell obscene books, or that other persons in the community may be dishonest, negligent, or guilty of any fault which is in question on a trial, does not in the court's opinion exonerate a defendant from similar charges. The only question before the jury was whether the defendant was guilty as charged. It is immaterial whether other persons were violating any laws, legal or moral, or any ordinances, or were engaged in selling obscene literature.

The motion for a new trial is hereby denied.